```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
BROTHER T. WILLIAMS BEY, NIYYIRAH EL,      :
LINCOLN SALMON, JUAN ANTONIO MARTINEZ,     :
SR., S. JUAN ANTONIO MARTINEZ, JR.,        :    09 Civ. 7560 (DLC)
SONYA SIMMONS, JOYCE NIX, et al.,          :
                        Plaintiffs,        :       MEMORANDUM
                                           :    OPINION & ORDER
             -v-                           :
                                           :
THE COMMISSIONERS OF ELECTIONS             :
CONSTITUTING THE BOARD OF ELECTIONS IN     :
THE CITY OF NEW YORK,                      :
                        Defendant.         :
                                           :
-----------------------------------------X
```

Appearances:

Pro Se Plaintiff:
Brother T. Williams Bey
c/o 305 E. 170th Street
Bronx, NY 10454

For All Other Plaintiffs:
Neil Grimaldi
2260 Bruckner Avenue
Bronx, NY 10461

For Defendants:
Michael A. Cardozo
Stephen Kitzinger
New York City Law Department
100 Church Street, Room 2-126
New York, NY 10007

John Owens, Jr.
Board of Elections, City of New York
32 Broadway, 7th Floor
New York, NY 10004

DENISE COTE, District Judge:

Plaintiffs are voters who have sued the Commissioners of the New York City Board of Elections ("Board") after the Board removed their preferred candidates from the official ballot in the Democratic Party primary elections for New York City Council to be held on September 15, 2009. Plaintiffs request an injunction ordering the Board to restore their names to the ballot. For the following reasons, the request for an injunction is denied.

## BACKGROUND

Plaintiffs assert a claim under 42 U.S.C. § 1983 alleging violations of their constitutional right to due process stemming from litigation in state court in which the New York Supreme Court, Bronx County, invalidated the designating petitions of Mark Escoffrey-Bey and Israel Martinez -- candidates for City Council in Districts 16 and 17, respectively -- and ordered the Board to remove these two candidates from the ballot by separate orders of August 14, 2009. The Appellate Division affirmed the Supreme Court's decisions as to both candidates on August 19 and August 20, 2009, and the New York Court of Appeals thereafter denied leave to appeal.

Plaintiffs assert that two judges involved in the state court litigation, Supreme Court Justice Robert G. Seewald and

2

Appellate Division Justice Louis Gonzalez, failed to recuse themselves despite the existence of a substantial conflict of interest.  Specifically, plaintiffs allege that the judges were biased in favor of the objectors to the candidates' designating petitions because of the judges' purported dependence on, and involvement in, the Bronx Democratic Party.  Plaintiffs in this action were not participants in the state court action, but allege that their due process rights were therein violated based on their resulting inability to vote for the candidates of their choice.  Plaintiffs now seek an injunction in this Court ordering the Board to contravene the orders issued by New York Supreme Court and to restore the names of Mr. Escoffrey-Bey and Mr. Martinez to the ballot.

## DISCUSSION

A party moving for an injunction against government action taken in the public interest pursuant to a statutory or regulatory scheme -- as is the case with the Board's removal of candidates' names from the ballot in compliance with a state court order -- must demonstrate that two circumstances exist.  The first is that the injunction "is necessary to prevent irreparable harm to the movant."  Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 97 (2d Cir. 2005).  The second is that "the movant is likely to succeed on the merits."  Id.  Moreover,

3

where, as here, the party is seeking a mandatory injunction rather than a prohibitory injunction, a plaintiff must meet the elevated standard of a "clear and substantial likelihood of success." Id.

This Court has an independent duty to inquire into the existence of subject matter jurisdiction. One important aspect of subject matter jurisdiction is standing. To have standing to bring a claim, a plaintiff must satisfy several conditions. First, the plaintiff must have suffered, or be under the "actual and imminent" threat of suffering, an "'injury in fact' that is concrete and particularized." Summers v. Earth Island Inst., ___ U.S. ___, 129 S. Ct. 1142, 1149 (2009). Second, the injury must be "fairly traceable" to the challenged conduct of the defendant. Id. Third, the court must have means available to "prevent or redress the injury." Id. Plaintiffs bear the burden of demonstrating that they have standing to request the relief that they seek. Id.

In this case, the due process violation alleged by plaintiffs -- namely, the failure of two state court judges to recuse themselves from proceedings in which they purportedly had ulterior political motivations that controlled their decision -- appears to be an injury that only the participants in the state court litigation, Mr. Escoffrey-Bey and Mr. Martinez, would have standing to pursue. Of course, the candidates themselves would

4

not be able to bring an action for an injunction in federal court, either, because the Rooker-Feldman doctrine would bar their suit. See Lance v. Dennis, 546 U.S. 459, 460 (2006) ("The Rooker-Feldman doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." (citation omitted)). As such, the proper avenue for addressing the allegation that the New York state judges were required to recuse themselves is for the candidates to seek appeal by writ of certiorari from the United States Supreme Court. Given these questions regarding plaintiffs' standing, and the other serious legal infirmities identified by the defendant, the plaintiffs have failed to show a substantial likelihood of success on the merits.

## CONCLUSION

The August 28, 2009 request for preliminary injunctive relief is denied.

SO ORDERED.

Dated:   New York, New York
         September 4, 2009

                                    _____
                                            DENISE COTE
                                    United States District Judge

5